UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| OPENEVIDENCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DOXIMITY, INC., et al.,<br><br>Defendants. | Case No. 4:25-mc-80387-KAW<br><br>**ORDER DENYING OPENEVIDENCE'S MOTION TO QUASH SUBPOENA TO LINKEDIN CORP.**<br><br>Re: Dkt. No. 1 |

On December 15, 2025, OpenEvidence, Inc. filed a motion to quash the subpoena Doximity, Inc. served on LinkedIn Corp. in connection with *OpenEvidence Inc. v. Doximity, Inc., et al.*, No. 25-cv-11802-RGS (D. Mass.).

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES the motion to quash the subpoena.

## I.    BACKGROUND

Movant OpenEvidence Inc. filed the instant motion to quash a third-party subpoena served on LinkedIn Corporation ("LinkedIn") in connection with *OpenEvidence Inc. v. Doximity, Inc., et al.*, No. 25-cv-11802-RGS (D. Mass.).  The LinkedIn subpoena was served by Doximity, Inc., a defendant in the underlying litigation, and it calls for compliance in the Northern District.

In sum, Doximity's counterclaims are for false advertising, defamation, and unfair and deceptive business practices.  Specifically, Doximity alleges that OpenEvidence uses LinkedIn to make actionable statements about Doximity using its own account and using "puppet" or "dummy" social media accounts that appear to be independent but are actually controlled by OpenEvidence to post negative and defamatory information about Doximity. (*See* Doximity

Opp'n, "Opp'n," Dkt. No. 10 at 3 (citing Am. Counterclaims, Dkt. No. 1-3 ¶¶ 23-52, 75-86).) Doximity claims that OpenEvidence uses a fake name to pay to promote these posts. *Id.* (citing Am. Counterclaims ¶¶ 75-86.)

On December 15, 2025, OpenEvidence filed the instant motion to quash. (OpenEvidence Mot., "Mot.," Dkt. No. 1.)  On December 24, 2025, Doximity filed an opposition. (Doximity Opp'n, "Opp'n," Dkt. No. 10.)  On January 22, 2026, OpenEvidence filed a reply. (OpenEvidence Reply, "Reply," Dkt. No. 15.)

## II.    LEGAL STANDARD

Federal Rules of Civil Procedure 45(d) and 26 govern the court's enforcement of nonparty subpoenas. Parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information need not be admissible to be discoverable. Fed. R. Civ. P. 26(b). The scope of discovery is the same under Rule 45. Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment; *GreenCycle Paint, Inc. v. PaintCare, Inc.*, No. 15-cv-04059-MEJ, 2018 WL 1399865, at *2 (N.D. Cal. Mar. 19, 2018). Nonparties unrelated to the litigants should not be burdened to the same extent as litigants, and requests to them must be narrowly tailored to meet specific needs for information. *Updateme Inc. v. Axel Springer SE*, No. 17-cv-05054-SI (LB), 2018 WL 5734670, at *3 (N.D. Cal. Oct. 31, 2018) (collecting cases).

## III.    DISCUSSION

### A.    Standing

Generally, a party lacks standing to move to quash a third-party subpoena except for claims of privilege or personal rights. *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) (citing 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (3d ed. 2013), and collecting cases).

OpenEvidence contends that it has standing to bring this motion based on a personal right

2

to its account information and to its confidential marketing strategy information. (Mot. at 7-8.) Doximity does not argue that OpenEvidence lacks standing to file this motion. Rather, as discussed below in Part III.B.i., Doximity argues that OpenEvidence does not have standing to quash a subpoena on the basis that it would impose an undue burden on LinkedIn because LinkedIn has not objected. (Opp'n at 10-11.)

Accordingly, the Court finds that OpenEvidence has standing to quash the subpoena, so the Court will address the motion on the merits.

**B.    Whether the subpoena should be quashed under Rule 26.**

The subpoena consists of eight document requests. The Court will address them each below.

**i.    Undue Burden**

As an initial matter, OpenEvidence argues that the subpoena imposes an undue burden on LinkedIn by seeking information available through less burdensome means. (Mot. at 13.) Specifically, OpenEvidence argues that Request Nos. 1-4, 6, and 8 seek information either publicly available or in OpenEvidence's possession, custody, or control, which makes the burden on LinkedIn improper. *Id.*

In opposition, Doximity argues that OpenEvidence lacks standing to object based on undue burden when LinkedIn has made no such objection on its own behalf. (Opp'n at 10-11.)

The Court notes that nonparty LinkedIn has not moved to quash the subpoena for undue burden or sought a protective order. Thus, OpenEvidence lacks standing to assert LinkedIn's potential burden. *See Oracle Am., Inc. v. Procore Techs., Inc.,* No. 24-CV-07457-JST (LB), 2025 WL 2145895, at \*2 (N.D. Cal. July 28, 2025) (citing *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR (JSC), 2015 WL 7180662, at \*4 (N.D. Cal. Nov. 16, 2015) (only customers had standing to quash third-party subpoenas seeking disclosure of their identities based on undue burden).

OpenEvidence further argues that party discovery should precede third-party discovery seeking the same information, and Doximity "has failed to exhaust its available party discovery." (Mot. at 16.)  Generally, party discovery proceeds first to avoid burdening nonparties when the

United States District Court
Northern District of California

parties possess the documents. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). That, however, is not a requirement. Thus, the Court will not require party discovery to "be exhausted" before permitting nonparty discovery, especially absent any third-party objection. *Oracle Am., Inc. v. Procore Techs., Inc.*, No. 24-CV-07457-JST (LB), 2025 WL 2145895, at *3 (N.D. Cal. July 28, 2025) (citations omitted).

Accordingly, the Court denies the motion to quash Request Nos. 1-4, 6, and 8 on the grounds that OpenEvidence lacks standing to object based on undue burden to LinkedIn.

### ii.    Remaining Requests

The two remaining requests are Request Nos. 5 and 7.

#### a.    Request No. 5

Request No. 5 seeks:

> All Documents and Communications Concerning the creation, targeting, audience selection, dissemination, and performance analytics (including reach, impressions, engagement, and click-through rates) of any advertisements, sponsored posts, or paid promotions on LinkedIn by or on behalf of OpenEvidence, Scalable Magic Inc., Monocle Technologies, XYLA Inc., Daniel Nadler, or the accounts described in Request for Production No. 2, that reference, mention, or Concern Doximity.

(Mot. at 3.) In moving to quash, OpenEvidence argues that this request is overbroad and seeks "core marketing strategy." (Mot. at 11.) As with undue burden, OpenEvidence lacks standing to object on the grounds of irrelevance or overbreadth. *FemtoMetrix Inc. v. Huang*, No. 23-MC-80332-TSH, 2024 WL 396186, at *6 (N.D. Cal. Feb. 1, 2024).

In opposition, Doximity argues that the stipulated protective order issued in the underlying case adequately protects confidential information and defeats objections based on privacy. (Opp'n at 6.) Indeed, Doximity has offered to temporarily designate documents produced by LinkedIn as "Attorneys' Eyes Only" upon their initial production to ensure that they can be viewed by a small group of individuals until OpenEvidence has a chance to review and designate the documents as not confidential, confidential, or attorneys' eyes only. *Id*

In reply, OpenEvidence contends that the stipulated protective order is insufficient, because it does not give Doximity a "blank check to seek irrelevant information." (Reply at 9.) This argument is not well taken, because OpenEvidence lacks standing to raise a relevancy

4

objection. *See FemtoMetrix Inc.*, 2024 WL 396186, at *6. Thus, to the extent that the documents are confidential, the Court finds that the stipulated protective order "will ensure that this information does not 'fall into the wrong hands.'" *Chevron Corp. v. Donziger*, No. 12–MC–80237 CRB (NC), 2013 WL 4536808, at *14 (N.D. Cal. Aug. 22, 2013).

Accordingly, the Court denies the motion as to Request No. 5.

### b. Request No. 7

Request No. 7 seeks:

> All Documents and Communications Concerning any complaints, reports, or internal reviews by LinkedIn regarding posts, advertisements, sponsored posts, or paid promotions by or on behalf of OpenEvidence, Scalable Magic Inc., Monocle Technologies, XYLA Inc., Daniel Nadler, or the accounts described in Request for Production No. 2.

(Mot. at 5.) In moving to quash this request, OpenEvidence again argues that the information sought is not relevant. (Mot. at 13.) Again, OpenEvidence lacks standing to object on relevance grounds. *FemtoMetrix Inc*, 2024 WL 396186, at *6.

Accordingly, the motion is denied as to Request No. 7.

## IV.   CONCLUSION

For the reasons set forth above, the Court DENIES OpenEvidence's motion to quash the LinkedIn subpoena served by Doximity, Inc.

IT IS SO ORDERED.

Dated: March 19, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

5